1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                    **SOUTHERN DISTRICT OF CALIFORNIA**
10

11  ROY MASON,                              No. 3:18-cv-2655-WQH-KSC

12                            Plaintiff,    **ORDER**
              vs.
13  IRISH TIMES LLC dba DUBLIN
    SQUARE IRISH PUB & GRILL;
14  GASLAMP PORTFOLIO
    MANAGEMENT LLC, and DOES 1-
15  10, inclusive,

16                          Defendants.

17

18  HAYES, Judge:

19          The matter before the Court is the Motion to Dismiss filed by Defendants Irish

20  Times LLC and Gaslamp Portfolio Management  LLC.  (ECF No. 8)

21  **I.  Background**

22          On November 20, 2018, Plaintiff Roy Mason commenced this action by filing a

23  Complaint against Defendants Gaslamp Portfolio Management LLC and Irish Times

24  LLC. (ECF No. 1).  On March 11, 2019, Defendants Gaslamp Portfolio Management

25  LLC and Irish Times LLC filed a Motion to Dismiss the state law claims alleged in the

26  Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), 12(h)(3),

27  and 28 U.S.C. 1367(c).  (ECF No. 8).  On March 21, 2019, Plaintiff filed an Opposition.

28  (ECF No. 9).  On April 8, 2019, Defendants filed a Reply.  (ECF No. 10).

## II. Allegations of the Complaint

Plaintiff is mobility impaired and "requires a wheelchair for mobility and to gain access to public establishments." (ECF No. 1 at 5). Defendants operate Dublin Square Irish Pub & Grill in San Diego, California. *Id.* at 3. Plaintiff was denied access to Dublin Square Irish Pub & Grill "because the property was inaccessible to individuals belonging to the disabled community who use wheel chairs for mobility." *Id.* at 5. Plaintiff was unable to gain access to seating located in the outside of the dining area, and "found no designated or alternative seating for disabled person(s) confined to a wheelchair at the time of his visit . . . ." *Id.*

"[P]laintiff attempted to gain access to the restroom area of the business, but he was not able to do so." (ECF No. 1 at 8). Plaintiff attempted to remove one of the toilet seat dispensers from the bathroom but it was placed too high. *Id.* "Plaintiff asked an employee if there were another other [sic] restroom available for disabled persons. He was told there is no additional or alternative restroom." *Id.*

On November 21, 2017, Plaintiff mailed a letter to Dublin Square Irish Pub & Grill "advising that he was unable to gain access to the facility due to the lack of accessibility in the outside patio area." (ECF No. 1 at 9). Plaintiff desires to return to the establishment in the future, but is "barred from fully accessing the premises until Defendant(s) cure the violations." *Id.*

Plaintiff asserts the following claims for relief: (1) violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*; (2) violation of California Civil Code Sections 51-54 *et seq.*; (3) negligence per se; (4) negligence; (5) declaratory relief; and (6) injunctive relief. Plaintiff requests declaratory relief, injunctive relief, damages, attorneys' fees, and costs.

## III. Contentions of the Parties

Defendants move to dismiss Plaintiff's state law claims on the ground that this Court should decline to exercise its supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c). (ECF No. 8-1 at 6). Defendants contend that Plaintiff's state law claims

should be dismissed because they substantially predominate over his federal claim under the ADA, exceptional circumstances exist, and this Court has previously declined supplemental jurisdiction over similar claims. *Id.* at 2. Defendants assert that Plaintiff is a "high frequency litigant" attempting to "forum-shop" around California pleading requirements by filing in federal court. *Id.* at 5. Defendants contend that Plaintiff's state law claims predominate because Plaintiff has placed intentionality "at the heart of his claims for relief," which is not required to make out a violation of the ADA. *Id.* at 11. Defendants contend that California has its own set of public accessibility standards that can provide the basis for disability discrimination. *Id.* at 7. Defendants contend that Plaintiff's "predominant focus is on recovering monetary damages under state law." *Id.* at 11.

Plaintiff contends that his "claim may be filed in the federal court pursuant to ADA law Title III or state law pursuant to UNRUH." (ECF No. 9 at 4). Specifically, Plaintiff contends that his state law claims should not be dismissed because he has a valid ADA claim, and the violations located on the premises have not been remedied. *Id.* at 8. Plaintiff contends that he is not forum shopping because his primary claim is for injunctive relief under the ADA. *Id.* at 9. Plaintiff contends that federal court offers a more efficient and less costly option to decide all state and federal claims at once. *Id.* Plaintiff contends that the Southern and Central Districts of California have maintained jurisdiction over state law claims in similar cases involving violations of the ADA. *Id.* at 9.

## IV.  Legal Standard

The federal supplemental jurisdiction statute provides: "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). A district court may decline to exercise supplemental jurisdiction over a state law claim if:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). "While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966) values 'of economy, convenience, fairness, and comity.'" *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc). A district court need not "articulate why the circumstances of [the] case are exceptional" to dismiss state-law claims pursuant to 28 U.S.C. § 1367(c)(1)-(3). *San Pedro Hotel Co., Inc. v. City of L.A.*, 159 F.3d 470, 478-79 (9th Cir. 1998) (quoting *Exec. Software N. Am., Inc. v. U.S. Dist. Court*, 24 F.3d 1545, 1557 (9th Cir. 1994)).

## V. Discussion

### A. The ADA

Title III of the ADA prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). "To prevail on a discrimination claim under Title III, a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." *Arizona ex rel. Goddard v. Harkins Amusement Enters., Inc.*, 603 F.3d 666, 670 (9th Cir. 2010) (citing *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007)). "Discrimination" under Title III of the ADA is defined in part to include "a failure to remove architectural barriers . . . where such removal is readily achievable." 42 U.S.C.

§ 12182(b)(2)(A)(iv). "[A] plaintiff need not show intentional discrimination in order to make out a violation of the ADA." *Lentini v. Cal. Ctr. for the Arts, Escondido*, 370 F.3d 837, 846 (9th Cir. 2004).

"In the case of violations of sections 12182(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this subchapter. Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by this subchapter." 42 U.S.C. § 12188(a)(2). "Damages are not recoverable under Title III of the ADA—only injunctive relief is available for violations of Title III." *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002).

Under Title III of the ADA, "the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs . . . ." 42 U.S.C. § 12205. "Courts have interpreted this to mean that only plaintiffs who bring frivolous claims are to be saddled with paying attorney's fees to the defendant." *Hubbard v. SoBreck, LLC*, 554 F.3d 742, 744 (9th Cir. 2008). "The Supreme Court has held that a prevailing plaintiff under a statute so worded 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Barrios v. Cal. Interscholastic Fed'n*, 277 F.3d 1128, 1134 (9th Cir. 2002) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983)).

**B. The Unruh Civil Rights Act**

The Unruh Civil Rights Act provides that "[a]ll persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, or sexual orientation are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). "A violation of the right of any individual under the federal Americans with Disabilities Act of 1990 (P.L. 101-3361) shall also

constitute a violation of this section." Cal. Civ. Code § 51(f). "A violation of the Unruh Act may be maintained independent of an ADA claim where a plaintiff pleads 'intentional discrimination in public accommodations in violation of the terms of the Act.'" *Earll v. eBay, Inc.*, 5:11-cv-00262, 2011 WL 3955485, at *3 (N.D. Cal. Sept. 7, 2011) (quoting *Munson v. Del Taco, Inc.*, 208 P.3d 623, 627 (Cal. 2009)).

The Unruh Civil Rights Act provides for actual damages "for each and every offense" and "any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000) . . . ." Cal. Civ. Code § 52(a). California Civil Code section 55.56 provides for the grounds for awarding and means of calculating statutory damages pursuant to section 52(a). *See* Cal. Civ. Code § 55.56. "Injunctive relief is also available and may extend to all persons similarly situated to the plaintiff." *Turner v. Assoc. of Am. Med. Colls.*, 85 Cal. Rptr. 3d 94, 100 (Ct. App. 2008).

The Unruh Civil Rights Act requires an award of "attorney's fees that may be determined by the court . . . suffered by any person denied the rights provided in Section 51, 51.5, or 51.6." Cal. Civ. Code § 52. "[T]he Legislature intended [this] award to be mandatory." *Engel v. Worthington*, 70 Cal. Rptr. 2d 526, 530 (Ct. App. 1997). Section 52 "authorize[s] [fee] awards only to prevailing plaintiffs." *Turner v. Assoc. of Am. Med. Colls.*, 123 Cal. Rptr. 3d 395, 402 (Ct. App. 2011).

**C. The CDPA**

The CDPA provides that "[i]ndividuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, public facilities, and other public places." Cal. Civ. Code § 54(a). The CDPA further provides that "[i]ndividuals with disabilities shall be entitled to full and equal access, as other members of the general public, to [various public places], subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons." Cal. Civ. Code

§ 54.1(a)(1). "A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act." Cal. Civ. Code § 54.1(d). "[A] violation of section 54.1(a) does not require intent." *Hankins v. El Torito Rests., Inc.*, 74 Cal Rptr. 2d 684, 691 n.4 (Ct. App. 1998).

The CDPA provides for actual damages and "any amount as may be determined by a jury, or the court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than one thousand dollars ($1,000) . . . ." Cal. Civ. Code § 54.3(a). California Civil Code section 55.56 provides the grounds for awarding and means of calculating statutory damages pursuant to section 54.3. *See* Cal. Civ. Code § 55.56.

A prevailing plaintiff who is entitled to damages under the CDPA is also entitled to "attorney's fees as may be determined by the court in addition thereto . . . ." Cal. Civ. Code § 54.3(a). This "statutory language authorizing fee awards only to prevailing plaintiffs reflects a determination that prevailing defendants should *not* receive a fee award for hours spent defending such claims." *Turner*, 123 Cal. Rptr. 3d at 402.

## VI. Analysis

In this case, Plaintiff asserts state law claims for violation of the Unruh Civil Rights Act, negligence per se, and negligence. Plaintiff asserts a federal claim under the ADA.

California has its own set of public accommodation accessibility standards that can provide the basis for liability for disability discrimination in addition to ADA standards. *See Moeller v. Taco Bell Corp.*, No. C02-05849, 2007 WL 2301778, at *6 (N.D. Cal. Aug. 8, 2007) ("A violation of a California Standard constitutes a violation of both the CDPA and the Unruh Act.").

In this case, Plaintiff alleges intentional disability discrimination. Plaintiff is not required to establish intentional discrimination on his ADA claim. *Lentini*, 370 F.3d

at 846 ("It is undisputed that a plaintiff need not show intentional discrimination in order to make out a violation of the ADA."). However, intentional discrimination is relevant to Plaintiff's state law disability discrimination claims. *See Earll*, 2011 WL 3955485 at *3 ("A violation of the Unruh Act may be maintained independent of an ADA claim where a plaintiff pleads 'intentional discrimination in public accommodations in violation of the terms of the Act.'") (quoting *Munson*, 208 P.3d at 627). Determination of intentional discrimination entails application of state law standards. *Id.* A determination of Defendants' liability for state law disability discrimination and negligence involves predominantly state law issues. *Cf. Gibbs*, 383 U.S. at 726 (noting that where "state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals"); *see also Acri*, 114 F.3d at 1001 (noting that *Gibbs* values of economy, convenience, fairness, and comity inform a section 1367(c) analysis).

Finally, Plaintiff's state law claims provide more expansive remedies than Plaintiff's ADA claim, and Plaintiff is pursuing those remedies. Plaintiff seeks damages, which are unavailable under the ADA, but are available under the Unruh Civil Rights Act and CDPA. *Compare Wander*, 304 F.3d at 858 (noting that damages are not available under Title III of the ADA) *with* Cal. Civ. Code §§ 52(a), 54.3(a) (authorizing damages under the Unruh Civil Rights act and CDPA, respectively). Plaintiff also seeks attorneys' fees. The Unruh Civil Rights Act and CDPA contain mandatory fee-shifting provisions, while the ADA's attorneys' fees provision is discretionary. *Compare* Cal. Civ. Code §§ 52(a), 54.3(a) (providing mandatory fee-shifting to a prevailing plaintiff under the Unruh Civil Rights Act and CDPA, respectively) *with* 42 U.S.C. § 12205 (providing for discretionary fee-shifting to the "prevailing party").

The Court concludes that Plaintiff's state law claims and issues substantially predominate over his federal claim in this case. Pursuant to 28 U.S.C. § 1367(c) the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

## VI. Conclusion

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 8) is GRANTED. Plaintiff's second, third, and fourth claims are dismissed without prejudice. Plaintiff's fifth claim is dismissed without prejudice to the extent Plaintiff seeks declaratory relief for state claims.

DATED: July 31, 2019

**WILLIAM Q. HAYES**
United States District Judge